**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Criminal Case No.**

**UNITED STATES OF AMERICA,**

>    **Plaintiff,**

**v.**

**1.  IAN GREGORY BELL,**

>    **Defendant.**

_____

**INDICTMENT**
_____

The Grand Jury charges:

**Counts 1-8**
**Wire Fraud, 18 U.S.C. § 1343**

**Background**

1.      During all times relevant to the Indictment, **IAN GREGORY BELL** ("BELL"

or "the defendant") resided in Colorado.

2.      BELL passed the Series 65 investment adviser examination in or around

September 2017, and was an investment adviser representative from in or around

September 2017 to in or around October 2018 and from in or around August 2019 to in

or around December 2019.

**The Scheme to Defraud**

3.      Beginning in or around early 2020, and continuing through in or around

March 2023, in the State and District of Colorado and elsewhere, defendant IAN

GREGORY BELL devised, intended to devise, and participated in a scheme and artifice

to defraud investors and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises (hereinafter referred to as the "Scheme").

**Manner and Means of the Scheme**

It was part of the Scheme that:

4.      BELL obtained more than $1 million from more than twenty investors.

5.      To obtain money from investors, BELL touted his investing skills and told many investors he could earn significant returns with low risk. In nearly all cases, however, he spent or lost the investors' money within days or weeks of receiving it.

6.      After receiving investor money, BELL told many investors that their account balances had grown, often sending screenshots of fabricated gains, when in fact he had spent or lost the money. Even after spending or losing investors' initial investments, he routinely solicited additional investments through false promises about how much the earlier investments had grown.

7.      BELL told most investors that he would not deduct any fees from investments until investors withdrew funds later, and that those fees would be taken from profits. Instead, BELL often deducted a portion of investors' funds for personal gain before he even transferred those funds to a trading account.

8.      BELL traded investor funds in his individual trading accounts. He concealed from the trading platforms the true source of these funds and did not disclose to investors that he was pooling their funds in his individual trading accounts.

9.      When investors demanded the return of their money, BELL provided

numerous excuses. In some cases, he fabricated email addresses and sent some investors fake email correspondence to lull them into believing he would be receiving additional money soon. In many cases, BELL mailed investors checks that they were unable to cash due to insufficient funds or missing information.

10.    BELL used proceeds of the scheme for personal gain, including to pay his girlfriend's credit card bill and to transfer money to his mother.

**Executions of the Scheme**

11.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-10 of this Indictment.

12.    For the purpose of executing the Scheme, on or about the dates set forth below, in the State and District of Colorado, and elsewhere, defendant **IAN GREGORY BELL**, caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures and sounds as set forth below:

| Count | Date | Amount | Description of Wire |
|---|---|---|---|
| 1 | 12/7/2021 | $36,500 | Wire from R.L.'s account to Bell's KeyBank account ending 7436 |
| 2 | 1/7/2022 | $50,030 | Wire from B.C.'s account to Bell's KeyBank account ending 7436 |
| 3 | 2/17/2022 | $10,000 | Wire from T.D.'s account to Bell's KeyBank account ending 7436 |
| 4 | 3/1/2022 | $55,000 | Wire from E.C.'s account to Bell's KeyBank account ending 7436 |
| 5 | 3/11/2022 | $100,000 | Wire from D.W.'s account to Bell's KeyBank account ending 7436 |

| 6 | 5/12/2022 | $20,000 | Wire from F.D.s account to Bell's ANB account ending 2393 |
| 7 | 6/2/2022 | $15,000 | Wire from C.C.'s account to Bell's ANB account ending 2393 |
| 8 | 7/19/2022 | $18,000 | Wire from account in the name of L.F.T. to Bell's ANB account ending 2393 |

All in violation of Title 18, United States Code, Sections 1343.

## Counts 9-13
## Mail Fraud, 18 U.S.C. § 1341

**Executions of the Scheme**

13.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-10 of this Indictment.

14.    For the purpose of executing the Scheme, on or about the dates set forth below, in the State and District of Colorado, and elsewhere, defendant **IAN GREGORY BELL**, knowingly caused to be delivered by United States mail, any matter and thing, namely, checks, according to the direction thereon, as identified below:

| Count | Date | Description of Mailing |
|-------|------|------------------------|
| 9 | 12/5/2022 | Check to B.C. via USPS Priority Mail with tracking number ending in 2615 |
| 10 | 12/8/2022 | Check to I.H. via USPS Priority Mail with tracking number ending in 5443 |
| 11 | 12/8/2022 | Check to E.C. via USPS Priority Mail with tracking number ending in 205US |
| 12 | 1/17/2023 | Check to B.C. via USPS Priority Mail with tracking number ending in 6633 |

| 13 | 2/4/2023 | Check to E.C. via USPS Priority Mail with tracking number ending in 6697 |
|---|---|---|

All in violation of Title 18, United States Code, Sections 1341.

**Counts 14-18**
**Money Laundering, 18 U.S.C. § 1957(a)**

15.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-10 of this Indictment.

16.     On or about the dates identified below, in the State and District of Colorado, and elsewhere, defendant **IAN GREGORY BELL** knowingly engaged in, or attempted to engage in, monetary transactions, specifically, deposits, withdrawals and movements and transfers of funds and monetary instruments, in and affecting interstate commerce, to entities listed below, in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, specifically, wire fraud in violation of Title 18, United States Code, Section 1343, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity, as follows:

| Count | Date | Amount | Transaction |
|---|---|---|---|
| 14 | 2/17/2022 | $10,381.81 | Chase Credit Card Payment for E.K. |
| 15 | 2/18/2022 | $12,000 | Cash withdrawal from KeyBank account ending 7436 |
| 16 | 3/21/2022 | $20,000 | Transfer to C.B. KeyBank Account |
| 17 | 4/1/2022 | $14,473.30 | Chase Credit Card Payment for E.K. |
| 18 | 4/5/2022 | $15,000 | Transfer to C.B. KeyBank Account |

All in violation of Title 18, United States Code, Sections 1957(a).

## Forfeiture Allegation

17.     The allegations contained in Counts 1 through 18 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(1), Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

18.     Upon conviction of the violations alleged in Counts 1 through 13 of this Indictment involving the commission of violations of Title 18, United States Code, Sections 1341 and 1343, defendant **IAN GREGORY BELL**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the defendant.

19.     Upon conviction of the violations alleged in Counts 14 through 18 of this Indictment involving the commission of violations of Title 18, United States Code, Section 1957(a), defendant **IAN GREGORY BELL**, pursuant to Title 18, United States Code, Section 982(a)(1) any and all of the defendant's right, title and interest in all property involved in such offense, and property traceable thereto, including, but not limited to: a money judgment in the amount of proceeds involved in such offenses.

6

20.    If any of the property described above, as a result of any act or omission

of the defendant:

a)    cannot be located upon the exercise of due diligence;
b)    has been transferred or sold to, or deposited with, a third party;
c)    has been placed beyond the jurisdiction of the Court;
d)    has been substantially diminished in value; or
e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18,

United States Code, Section 982(b), to seek forfeiture of any other property of said

defendant up to the value of the forfeitable property.

A TRUE BILL


Ink signature on file in Clerk's Office
FOREPERSON


MATTHEW T. KIRSCH
Acting United States Attorney

By: *s/ Rebecca S. Weber*
Rebecca S. Weber
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
E-mail: Rebecca.Weber@usdoj.gov
Attorney for the United States